| | |
|---|---|
| SUSTAINABLE PAVEMENT TECHNOLOGIES, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>RICH HOLIDAY, RYAN (TIM) BONARI, JPMORGAN CHASE BANK, N.A., and BANK OF AMERICA, N.A.,<br><br>　　　　Defendants. | Civ. No. 2:17-2687 WBS KJN<br><br>ORDER RE: MOTION TO SET ASIDE DEFAULT |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

----oo0oo----

On December 26, 2017, plaintiff Sustainable Pavement Technologies filed this action against defendants Rich Holiday ("Holiday"), Ryan Bonari ("Bonari"), JPMorgan Chase Bank, N.A., and Bank of America, N.A (collectively "defendants") arising out of Holiday and Bonari's alleged wrongful embezzlement and receipt of money belonging to plaintiff. On January 15, 2018, the summons and complaint were served on Holiday via substituted service by leaving copies with Jamie Holiday at 2212 Sombrero Ct, Auburn, CA 95603, the same address that Holiday listed as his

1

address on the first page of his Motion to Set Aside the Default.[1] (Docket No. 7.) Defendant learned about the lawsuit on January 20, 2018, and acknowledges that he received the Summons and Complaint in the mail. (Def.'s Mot. at 4.) Defendant's answer was due on February 5, 2018, but no answer was filed. On February 16, 2018, the clerk entered default against defendant Holiday.[2]

At the April 23, 2018 scheduling conference, Holiday appeared by phone and the court gave Holiday thirty days to retain counsel and file a motion to set aside the default. On May 21, 2018, Holiday filed a Motion to Set Aside the Judgment, and explained that he intended but was unable to retain an attorney. On May 25, 2018, the court gave defendant an additional 45 days to retain counsel. Presently before the court is defendant's pro se Motion to Set Aside the Default under California Code of Civil Procedure 473(b)).[3] (Docket No. 28.)

A court may set aside an entry of default for good

---

[1] In a letter attached to his motion, Holiday claims that he no longer resided at that address and that he was in Florida working on a disaster at the time process was served. However, he acknowledged at the scheduling conference that he received the papers in Florida a few weeks later.

[2] On February 22, 2018, the clerk entered default against Ryan Bonari. (Docket No. 17.)

[3] Pursuant to California Civil Procedure § 473(b) "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." However, in federal court, a court may set aside an entry of default for good cause, and the court treats the motion as one brought under Rule 55. Fed. R. Civ. P. 55(c).

cause. Fed. R. Civ. P. 55(c). In determining whether good cause exists, the court will examine: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default would prejudice the plaintiff. TCI Grp. Life Ins. Plan v. Knoebber, 244 F. 3d 691, 696 (9th Cir. 2001). "This standard . . . is disjunctive, such that a finding that any one of these factors is true is sufficient reason for the district court to refuse to set aside the default." United States v. Signed Pers. Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010). The party seeking to vacate an entry of default bears the burden of demonstrating that these factors favor vacating the default. Knoebber, 244 F. 3d at 696.

The court must observe that Holiday's motion falls far short of showing a meritorious defense. Although he claims he did not wrongfully take money belonging to SPT and that the funds he allegedly took were his authorized commissions, that amounts to nothing more than a general denial of the claims against him. A mere general denial without specific facts is insufficient to justify setting aside a default. Knoebber, 244 F. 3d at 700. However, the court need not decide the motion on that ground, because the court finds that it was Holiday's own culpable conduct which led to the default.

A defendant's conduct is deemed culpable "if he has received actual or constructive notice of the filing of the action and intentionally failed to answer." Knoebber, 244 F. 3d at 697. A party's conduct is culpable "where there is no explanation of the default inconsistent with a devious,

3

deliberate, willful or bad faith failure to respond." Id. at 244 698. "Neglect [or] simple, faultless omissions to act and, more commonly, omissions caused by carelessness" do not equate to "an intentional failure to answer." Id. (citations omitted). "[A] credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decision-making, or otherwise manipulate the legal process is not intentional." Id. at 698.

Here, Holiday contends that he failed to respond to the lawsuit because of his "inexperience." (Def.'s Mot. at 4 (Docket No. 28).) He further states that he did not think the lawsuit was serious. (Id. at 5.) In a letter attached to his motion, defendant explains that he thought plaintiff's claim was "so farfetched [he] didn't originally believe it was legitimate." Most defendants who are served in a lawsuit are inexperienced in litigation. That does not justify their failure to take any action in response to the service of summons. Holiday's explanation that he ignored the summons and complaint because he did not think the lawsuit was serious amounts to "an intentional failure to answer," and he is therefore not entitled to have his default set aside.

IT IS THEREFORE ORDERED that defendant Holiday's Motion to Set Aside Default (Docket No. 28) be, and the same hereby is, DENIED.

Dated: August 2, 2018

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

4