UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSTAINABLE PAVEMENT TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICH HOLIDAY, et al., <br><br> Defendants. | No. 2:17-cv-02687-WBS-KJN <br><br><br> ORDER |

Presently pending before the court is defendant JPMorgan Chase Bank, N.A.'s ("Chase") motion to continue discovery. (ECF No. 41.) Plaintiff opposed this motion. (ECF No. 43.) This matter came on regularly for hearing on October 5, 2018, at 10:00 a.m. Mark Serlin appeared on behalf of plaintiff and Michael Lane appeared on behalf of Chase. On the eve of the hearing, Chase filed a motion to compel and an ex parte application. (ECF Nos. 47, 48.)

After carefully considering the briefing and the parties' oral argument, the court DENIES Chase's motions without prejudice, for the following reasons.

I. RELEVANT BACKGROUND

Plaintiff Sustainable Pavement Technologies, LLC ("SPT") initiated this action on December 26, 2017, alleging in relevant part that defendant Chase committed conversion by accepting checks that either included forged endorsements or were not endorsed at all. (ECF No.

1

1 at 4.) On April 23, 2018, United States District Judge William B. Shubb issued the Status (Pretrial Scheduling) Order that ordered "[a]ll discovery shall be completed on or before September 28, 2018." (ECF No. 24 at 2.) Also, while any requests to modify the scheduling order "may be heard and decided by the assigned Magistrate Judge[,] [a]ll requests to change the trial date shall be heard and decided only by" Judge Shubb. (Id. at 4.)

Chase did not propound any formal discovery requests until August 13, 2018, when it served request for production set one, on SPT. (Declaration of Michael D. Lane, ECF No. 41-1 ["Lane Decl."] ¶ 8.) On September 14, 2018, Chase served a 30(b)(6) notice of deposition on SPT and a subpoena for the deposition of Jeffrey Wanic, set for September 28, 2018—the last day of discovery. (ECF No. 39 at 3; ECF No. 41 at 5.) Then, on September 21, 2018, Chase noticed the deposition of non-party Ever Maldonado for September 28, 2018. (ECF No. 41 at 5.)

Chase filed its first motion to continue discovery on September 25, 2018, requesting a 60-day extension (ECF No. 37), which the court dismissed without prejudice because it would have extended discovery until 6 days before the final pretrial conference. (ECF No. 40.) On September 27, 2018, Chase filed the pending renewed motion to continue discovery, requesting a 32-day extension (ECF No. 41), which SPT has opposed. (ECF No. 43.) At the same time, SPT's attorney, Mr. Serlin has agreed to a limited extension of discovery so that the parties may conduct the 30(b)(6) depositions noticed prior to the end of discovery. (See Lane Decl., Exh. 1.)

On October 4, 2018, the day before the hearing on the renewed motion to continue discovery, Chase moved to compel the production of documents from SPT, in response to Chase's August 13, 2018 request for production. (ECF No. 47.) Chase simultaneously filed an ex parte application for an order to show cause why Ever Maldonado should not be held in contempt for failing to appear at his deposition. (ECF No. 48.)

II. DISCUSSION

According to the Federal Rules of Civil Procedure, a pretrial scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Ninth Circuit has explained that "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule 'if it

cannot reasonably be met despite the diligence of the party seeking the extension.'" Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R .Civ. P. 16 advisory committee's notes (1983 amendment)). Importantly, "carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (Id.)

Chase asserts that it has worked diligently to complete discovery in advance of the September 28, 2018 discovery cutoff date. (ECF No. 41 at 2.) Chase claims that its efforts were hampered by SPT, whose initial disclosures "failed to identify any of Plaintiff's employees, or any non-parties with knowledge of salient facts, such as each of the alleged customer contacts from whom plaintiff later obtained declarations for use in this matter." (Id. at 3.) Also, SPT allegedly "waited until the final week of discovery to provide declarations from multiple non-parties—including Ever Maldonado—that Plaintiff had obtained weeks or months before." (Id.)

SPT counters that in a June 4, 2018 document production, Chase included copies of checks payable to SPT from SPT's vendors, including Ever Maldonado. (ECF No. 39 at 2.) SPT asserts, therefore, that "not later than June 4, 2018, Chase had actual knowledge of each of the vendors who had issued checks payable to [SPT] which had been [allegedly] improperly diverted into a Chase account." (Id.)

While discovery in this matter was scheduled for only five months, Chase was well aware of this shortened timeframe. The scheduling order was issued on April 23, 2018, but Chase failed to propound any written discovery in April, May, June, or July, without explanation. Indeed, while Chase asserts that plaintiff's initial disclosures were insufficient, Chase did not move to compel additional responses or otherwise address this issue, until it served the mid-August requests for production. Additionally, Chase did not notice the 30(b)(6) deposition for nearly four and a half months after the scheduling order was issued. And, while it appears that Chase had notice of SPT's vendors by at least June 4, 2018, Chase did not move to depose any of these vendors until September 21, 2018—one week before the close of discovery.

Except for a conclusory assertion from Chase, the record before the court does not demonstrate that Chase acted with due diligence. "[C]arelessness is not compatible with a finding of diligence" and Chase has carelessly failed to ensure that discovery was timely completed, as it

failed to propound any formal discovery requests until there were only 46 days remaining in discovery. Johnson, 975 F.2d at 609.

Therefore, Chase has failed to demonstrate good cause to continue discovery. At the same time, SPT has agreed to a limited extension of discovery so that each party may conduct its 30(b)(6) deposition, which the court finds to be reasonable.

However, even if there were cause to continue discovery more generally, the undersigned finds that such an extension would disturb the trial date and "[a]ll requests to change the trial date shall be heard and decided only by" Judge Shubb. (ECF No. 24 at 4.)

### III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to continue discovery (ECF No. 41) is DENIED without prejudice, and discovery is closed, except as follows:
    a. Unless the parties stipulate otherwise, on October 18, 2018, Chase shall conduct the 30(b)(6) deposition of plaintiff and the deposition of Jeffrey Wanic; and on October 22, 2018, plaintiff shall conduct the 30(b)(6) deposition of Chase. The parties shall meet and confer to arrange the details of these depositions.
    b. Any renewed motion to continue discovery—except for a limited, and well-supported, motion to compel the deposition of Ever Maldonado—shall be noticed before Judge Shubb, along with a motion to change the trial date.
2. Defendant's motion to compel (ECF No. 47) is DENIED without prejudice.
3. Defendant's ex parte application (ECF No. 48) is DENIED without prejudice.

IT IS SO ORDERED.

Dated: October 10, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

14/17-2687.sustainable pavement.discovery order

4