1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10                         ----oo0oo----

11

12   SUSTAINABLE PAVEMENT              No.  2:17-cv-02687-WBS-KJN
     TECHNOLOGIES, LLC,
13
                 Plaintiff,
14                                     ORDER RE: REQUEST TO SEAL
        v.                             DOCUMENTS
15
     RICH HOLIDAY; RYAN (TIM) BONARI;
16   JP MORGAN CHASE BANK, N.A.; and
     BANK OF AMERICA, N.A.,
17
                 Defendants.
18

19                         ----oo0oo----

20          Defendant JP Morgan Chase Bank, N.A. ("Chase") asks

21   this court to seal Exhibits A, B, C, D, E, F, G, and H to their

22   Memorandum in Support of Summary Judgment.  (Docket No. 51.)

23          A party seeking to seal a judicial record bears the

24   burden of overcoming a strong presumption in favor of public

25   access.  Kamakana v. City & County of Honolulu, 447 F.3d 1172

26   (9th Cir. 2006).  The party must "articulate compelling reasons

27   supported by specific factual findings that outweigh the general

28   history of access and the public policies favoring disclosure,

                                 1

such as the public interest in understanding the judicial process." Id. at 1178-79 (citation omitted).  In ruling on a motion to seal, the court must balance the competing interests of the public and the party seeking to keep the records secret.  Id. at 1179.

Exhibits A, B, C, D, and E to defendant's Motion for Summary Judgment are business records associated with two Chase bank accounts in the name of defendant Rich Holiday.[1]  Exhibit F is a copy of Chase's check acceptance policy in force between November 20, 2014 and September 7, 2017.  Exhibit G contains excerpts from the deposition of Jeffrey Wanic, and Exhibit H is a document titled "Holiday Diverted Check Summary" produced by plaintiff Sustainable Pavement Technologies, LLC.

Though it asks this court to seal thousands of pages of documents, Chase devotes just two pages to rebutting the presumption in favor of public access to judicial records.  It supports its request primarily with general assertions about the potential harm that the release of these documents could present Chase or its clients.  These vague and nonspecific concerns do not constitute "good cause" to rebut the presumption in favor of public access.  See Kamakana, 447 F.3d 1172.

IT IS THEREFORE ORDERED that defendant Chase's request to seal Exhibits A, B, C, D, E, F, G, and H to its Motion for Summary Judgment be, and the same hereby is, DENIED without prejudice.  The court may consider a request to seal exhibits

---

[1]     One of the bank accounts is in the name of Richard W Holiday dba Sustainable Product Testing and the other appears to be a joint account in the names of Richard W. Holiday and a non-litigant.

2

containing only those pages specifically referenced in the Motion for Summary Judgment, or a request to redact specified portions of the documents identifying of non-litigants.

Dated:   November 9, 2018

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE