UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| SUSTAINABLE PAVEMENT TECHNOLOGIES, LLC, | 2:17-cv-02687-WBS-KJN |
|---|---|
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| RICH HOLIDAY, et al., | |
| Defendants. | |

Presently pending before the court is plaintiff Sustainable Pavement Technologies, LLC's motion for default judgment against defendant Rich Holiday.[1] (ECF No. 70.) After Holiday failed to file a timely opposition, the motion was submitted on the record and written briefing pursuant to Local Rule 230(g). (ECF No. 72.) Holiday was ordered to file any opposition by April 29, 2019. (Id.) The deadline having passed, Holiday has again failed to file an opposition. For the reasons discussed below, the court recommends that plaintiff's motion be GRANTED.

I.  BACKGROUND

Plaintiff initiated this diversity action against defendants on December 26, 2017, alleging conversion/embezzlement and receipt of money belonging to plaintiff, under California law. (See

---

[1] This action proceeds before the undersigned pursuant to Local Rule 302(c)(19) and 28 U.S.C. § 636(b)(1).

1

generally Complaint, ECF No. 1 ["Compl."].) Plaintiff Sustainable Pavement Technologies, LLC ("SPT") is a Texas limited liability company with its principal place of business located in the State of Texas. (Compl. ¶ 1.) Defendant Holiday was an independent contractor doing business with SPT, while residing and working within the Eastern District of California. (Compl. ¶¶ 2, 7.)

The complaint alleges that "[u]nbeknownst to SPT . . . Holiday . . . took monies belonging to SPT by way of (a) depositing checks from SPT customers payable to SPT to Holiday's own deposit account or accounts, (b) obtaining payment from SPT customers of phony invoices for services, (c) improperly receiving cash payments from clients/customers of SPT, and (d) doctored, removed, deleted or changed SPT electronic log sheets to conceal the fact that [he was] stealing from SPT." (Compl. ¶ 8.) The complaint further alleges that

> without the knowledge or consent of SPT, Holiday set up a deposit account at Chase under a name identical or substantially similar to SPT. Holiday caused checks from SPT clients/customers payable to SPT to be intercepted and deposited into accounts controlled by Holiday at Chase and BofA, and then disbursed proceeds thereof to or for the benefit of himself. Further, Holiday submitted phony invoices to SPT's clients/customers and then deposited checks payable to SPT given by SPT customers made on the phony invoices to his deposit accounts at Chase and BofA. Additionally, Holiday ... solicited and obtained cash advances from SPT's clients/customers in respect of goods/services provided by SPT which were never paid over to SPT.
>
> After a detailed examination of SPT's books and records and those of SPT's clients/customers, SPT has determined that Holiday . . . had embezzled or wrongly received at least $200,000.00 over the last three (3) years and that the amount taken from SPT could be much greater.

(Compl. ¶¶ 9, 10.)

The complaint seeks "at least $200,000.00" in damages, "interest thereon at the rate of 10% per annum from the time of taking the funds until judgment is entered," "treble damages under California Penal Code § 496," and the costs of suit. (ECF No. 1 at 4-5.)

Holiday was properly served with process on January 15, 2018. (ECF No. 7.) After Holiday failed to appear, the Clerk of Court entered defendant's default on February 16, 2018. (ECF Nos. 14, 15.) However, on April 23, 2018, Holiday appeared at a scheduling conference and the court gave him thirty days to retain counsel and file a motion to set aside the default.

(ECF No. 24.)  Holiday filed a motion to set aside the Clerk's entry of default on May 21, 2018.  (ECF No. 28.)  The court denied Holiday's motion on August 2, 2018.  (ECF No. 35.)

On January 1, 2019, plaintiff moved for default judgment against Holiday.  (ECF No. 62.)  The motion was denied without prejudice subject to renewal, because the motion failed to address the appropriate legal standards.  (ECF No. 69.)  Plaintiff renewed its motion for default judgment on March 13, 2019.  (ECF No. 70.)  After Holiday failed to file a timely opposition, the court vacated the hearing set for April 18, 2019, and took the matter under submission on the papers without oral argument.  (ECF No. 72.)  Out of an abundance of caution, Holiday was given one additional opportunity to file an opposition no later than April 29, 2019.  (Id.)  No opposition was filed.

Plaintiff argues "that it is entitled to actual damages for embezzlement in the sum of $304,727.00 which amount should be trebled under California Penal Code § 496(c) for a total damage award of $914,181.00."  (ECF No. 70 at 5.)

II.     LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment."  PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)).  Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion.  Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In making this determination, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

As a general rule, once default is entered, well-pleaded factual allegations in the operative

3

complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); accord Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). In addition, although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (stating that a defendant does not admit facts that are not well-pled or conclusions of law); Abney v. Alameida, 334 F. Supp. 2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim"). A party's default does not establish the amount of damages. Geddes, 559 F.2d at 560.

III.  DISCUSSION

    A.    Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Here, plaintiff would potentially face prejudice if the court did not enter a default judgment. Absent entry of a default judgment, plaintiff would be without another recourse against Holiday. Accordingly, the first Eitel factor favors the entry of a default judgment.

    B.    The Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint

The court considers the second and third Eitel factors—the merits of the claims and the sufficiency of the complaint—together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F. Supp. 2d at 1175.

        1.    *Conversion*

Here, plaintiff asserts a claim of conversion under California law. "Conversion is generally described as the wrongful exercise of dominion over the personal property of another.

The basic elements of the tort are (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages." Fremont Indem. Co. v. Fremont Gen. Corp., 148 Cal. App. 4th 97, 119 (2007) (internal citation omitted).

Plaintiff pled and proved that: "(a) Holiday came into possession of checks intended for and payable to SPT in the total amount of $304,727.00, (b) that SPT neither knew nor authorized Holiday to take such checks for himself, and (c) that SPT was damaged in the sum of $304,272.00 by reason of Holiday's wrongful taking of checks payable to and intended for SPT by SPT's customers." (ECF No. 70 at 3.) The complaint sufficiently alleges that Holiday wrongfully exercised dominion over plaintiff's funds without permission, inconsistent with plaintiff's rights. (Compl. ¶¶ 8-10.) While the complaint does include the exact amount of funds that Holiday had wrongfully exercised dominion over, he was put on notice of the amount in question because the complaint seeks *at least* $200,000.00 in damages. (ECF No. 1 at 4-5.) Plaintiff has since proved the exact amount of ill-gotten funds through several declarations and supporting exhibits. (ECF Nos. 61-2 - 61-9.)

### 2. *Treble Damages*

The complaint also asserts that plaintiff is entitled to treble damages pursuant to California Penal Code § 496. (See ECF No. 1 at 4.) Under California law, "[a]ny person who has been injured by [theft] may bring an action for three times the amount of actual damages, if any, sustained by the plaintiff, costs of suit, and reasonable attorney's fees." Cal. Penal Code § 496(c). Here, plaintiff pled and proved plaintiff was injured by Holiday's theft (i.e., conversion) of plaintiff's funds. (Compl. ¶¶ 8-10.)

Accordingly, the second and third Eitel factors favor the entry of a default judgment.

### C. The Sum of Money at Stake in the Action

Under the fourth factor cited in Eitel, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1176-77; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003).

5

In this case, plaintiff seeks a total damage award of $914,181.00. (ECF No. 70 at 5.) Plaintiff established that Holiday's conduct caused plaintiff $304,272.00 in actual harm, through declarations and supporting exhibits. (ECF Nos. 61-2 - 61-9.)

Moreover, plaintiff established its right to treble damages. Under California Penal Code § 496, "[a] criminal conviction is not a prerequisite to recovery of treble damages." Switzer v. Wood, 35 Cal. App. 5th 116, *5 (Cal. Ct. App. 2019), as modified (May 10, 2019), review filed (May 24, 2019); see also Bell v. Feibush, 212 Cal. App. 4th 1041, 1045 (2013). "All that is required for civil liability to attach under section 496(c), including entitlement to treble damages, is that a "violation" of subdivision (a) or (b) of section 496 is found to have occurred." Switzer, 35 Cal. App. 5th 116 at *5. "A violation of section 496(a) may, by its own terms, relate to property that has been 'stolen' or 'that has been obtained in any manner constituting theft or extortion.'" Id. at 6. Here, the complaint and declarations clearly establish that Holiday obtained $304,272.00 worth of plaintiff's money through conversion, a type of theft. (Compl. ¶¶ 8-10; ECF Nos. 61-2 - 61-9.) Treble damages are, therefore, appropriate under California law.

While this is a large sum of money, the amount requested is supported by appropriate documentation and is based upon an appropriate application of California law. Thus, this factor favors the entry of a default judgment.

D. The Possibility of a Dispute Concerning Material Facts

Because the court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists"); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F. Supp. 2d at 1177. As such, the court concludes that the fifth Eitel factor favors a default judgment.

E. Whether the Default Was Due to Excusable Neglect

In this case, there is no indication in the record that defendant's default was due to excusable neglect. Indeed, the court denied Holiday's motion to set aside the Clerk's entry of

6

default. (ECF No. 35.) Accordingly, this Eitel factor favors the entry of a default judgment.

F. The Strong Policy Underlying the Federal Rules of Civil Procedure Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F. Supp. 2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010). Accordingly, although the court is cognizant of the policy in favor of decisions on the merits—and consistent with existing policy would prefer that this case be resolved on the merits—that policy does not, by itself, preclude the entry of default judgment.

In sum, after considering and weighing all the Eitel factors, the court concludes that plaintiff is entitled to a default judgment against defendant in the amount of $914,181.00.

IV. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for default judgment (ECF No. 70) be GRANTED.
2. Judgment be entered in plaintiff's favor and against defendant Rich Holiday.
3. Plaintiff be awarded a total damage award of $914,181.00, which reflects $304,727.00 in actual damages, trebled under California Penal Code § 496(c).
4. The Clerk of Court be directed to close this case.

In light of these recommendations, IT IS ALSO HEREBY ORDERED that all pleading, discovery, and motion practice in this action are stayed pending resolution of these findings and recommendations. Other than objections to the findings and recommendations or non-frivolous motions for emergency relief, the court will not entertain or respond to any pleadings or motions until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: June 14, 2019

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sustainable pavement.2687.F&R default