UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSTAINABLE PAVEMENT TECHNOLOGIES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> RICH HOLIDAY, et al., <br><br> Defendants. | No. 2:17-cv-02687-WBS-KJN <br><br><br> FINDINGS AND RECOMMENDATIONS <br><br> (ECF No. 84) |

INTRODUCTION

Presently pending before the court is plaintiff Sustainable Pavement Technologies, LLC's motion for attorneys' fees and costs against defendant Rich Holiday.[1] (ECF No. 84.) Following the hearing on this matter, which Holiday did not attend, the court ordered plaintiff to review its request for attorneys' fees and costs to "ensure they are properly attributable to prosecuting the case against this particular defendant" and explain how the attorneys' fees that plaintiff is requesting are associated with defendant Holiday. (ECF No. 92 at 2.) Plaintiff filed a supplemental declaration and second supplemental declaration, further explaining its request for attorneys' fees and costs. (ECF Nos. 90, 93.) For the reasons set forth below, the court

---

[1] The motion was referred to the undersigned for findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 88.)

1

recommends granting plaintiff's motion and awarding plaintiff $36,593.30 in fees and costs.

BACKGROUND

On December 26, 2017, Plaintiff initiated this diversity action against Defendant Rich Holiday, an independent contractor who previously performed work for Plaintiff. (ECF No. 1 at 2.) Plaintiff alleged that Holiday embezzled at least $200,000 by forging documents and sought treble damages pursuant to California Penal Code § 496(c). (Id. at 2-3.) Plaintiff's complaint also named J.P. Morgan Chase Bank ("Chase") and Bank of America, two banks that Holiday allegedly used to embezzle the money. (See ECF No. 1.) On March 8, 2018, Bank of America was dismissed from the case. (ECF Nos. 18, 19.) On February 19, 2019, Chase was dismissed following a settlement agreement between the parties. (ECF No. 68.)

On February 16, 2018, the court entered default against Holiday. (ECF No. 15.) On May 21, 2018, Holiday moved to set aside the default, which the court denied. (ECF Nos. 28, 35.) On March 13, 2019, plaintiff filed a motion for entry of default judgment against Holiday, asserting actual damages in the amount of $304,727 and seeking treble damages under § 496(c), totaling $914,181. (ECF No. 70 at 5.)

On September 23, 2019, the court granted plaintiff's motion for a default judgment. (ECF No. 80.) On September 24, 2019, plaintiff filed the instant motion for attorneys' fees and costs. (ECF No. 84).

DISCUSSION

Generally, attorneys' fees and costs may not be awarded unless the fees are provided for by contract or where a statute allows for their recovery. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155 (9th Cir. 1998). Under California Penal Code § 496(c), "reasonable" attorneys' fees may be awarded to a prevailing plaintiff. Sweeteners Plus Inc. v. Myers, 2013 WL 12132037, at *6 (C.D. Cal. Feb. 4, 2013).

"[D]istrict courts have considerable discretion in determining attorney's fees." Corder v. Gates, 947 F.2d 374, 380 (9th Cir. 1991). A court may reduce "attorney's fees when work associated with claims against multiple defendants [fall] upon the only defendant to survive dismissal." Cook Productions, LLC v. Szerlip, 2017 WL 4883220, at * 5–6, (D. Haw. Oct. 30,

2017) (reducing fees "to reflect the amount of time that is fairly attributable to the claims against" the only remaining defendant). However, apportionment of fees and costs is not necessary where claims involve a common core of facts or are based on related legal theories. Bagdasaryan v. Bayview Loan Servicing, LLC, 2017 WL 6520591, at *6 (C.D. Cal. Aug. 25, 2017) (internal citation and quotations omitted).

Here, it is evident that plaintiff prevailed (ECF No. 80), and is therefore entitled to attorneys' fees and costs pursuant to California Penal Code § 496(c). Additionally, the court finds that counsel's rate of $380/hour reasonable for an experienced attorney practicing commercial litigation. See Monterrubio v. Best Buy Stores, L.P., 291 F.R.D. 443, 460–61 (E.D. Cal. 2013) (finding $400/hour for partners an appropriate rate).

Finally, the number of hours expended by plaintiff is reasonable under the circumstances. Plaintiff's argument is well taken that its efforts to secure a judgment against Chase were so intertwined with its efforts to pursue its case against defendant Holiday that apportionment would be impractical. As plaintiff notes, its settlement with Chase directly reduced Holiday's own liability, and plaintiff's claims against Chase only came into existence as a result of Holiday's embezzlement of plaintiff's money. (ECF No. 93 at 3.) Therefore, most if not all of the time pursuing its claim against Chase had a direct effect on plaintiff's claim against Holiday.

Plaintiff is therefore entitled to $34,025.20 in attorneys' fees[2] and $2,568.10 in costs it is requesting, totaling $36,593.30.

CONCLUSION

Accordingly, it is hereby RECOMMENDED that:

1. Plaintiff's motion for attorneys' fees and costs (ECF No. 84) be GRANTED; and
2. Plaintiff be awarded a total of $36,593.30 in attorneys' fees and costs.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written

---

[2] This number is reached by multiplying the hours expended, less the hours consented to be reduced by plaintiff, (89.54) (ECF No. 93 ¶ 3) by the rate ($380/hour).

3

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED

Dated: January 7, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

2687.sust